# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4:04

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

| | |
|---|---|
| Andrew Williams Bannister, deceased,<br>    by his Co-Administrators *Ad Litem*<br>    Candace C. Bannister, and<br>    Mark E. Bannister,<br><br>           Plaintiffs,<br><br>v.<br><br>Knox County Board of Education;<br>Knox County Schools;<br>Knox County Tennessee;<br>Ryan J. Siebe;<br>Kimberly H. Gray;<br>Anthony B. Norris;<br>Erin A. Ashe;, and<br>Brian A. Hartsell<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. ___1 - 134-18___ |

## COMPLAINT

Comes now Andrew Williams Bannister, deceased, by his Administrators *ad litem,* and next of friends Candace C. Bannister and Mark E. Bannister, and bring this action against the Knox County Board of Education (KCBOE), Knox County Schools (KCS), Knox County Tennessee (KCT), Ryan J. Siebe, Kimberly H. Gray, Anthony B. Norris, Erin A. Ashe, and Brian A. Hartsell, and for action state:

## I.    Introduction

1. All acts material to this Complaint occurred in Knox County Tennessee.

2. Andrew Williams Bannister, deceased, (hereafter "Will") was born January 12, 2001 and was a minor at all times material to this Complaint.

3. Will was sixteen (16) years of age at the time of his death on April 18, 2017.



**EXHIBIT**

A

4. Will lived with his parents Candace C. Bannister (hereafter "Candace") and Mark E. Bannister (hereafter "Mark") in Knox County Tennessee, up until his death.

5. Candace and Mark Bannister were appointed Administrators *ad litem* for Andrew Williams Bannister for the particular purpose of pursuing legal action for Andrew Williams Bannister.

6. Candace and Mark Bannister also bring this action for Will as his next of friend.

7. At all times material to this Complaint Will was a student in Knox County Schools.

8. Will was a sophomore at Farragut High School, (hereafter "FHS") during the 2016-2017 school year.

9. Farragut High School is a part of the Knox County Schools system (hereafter "KCS").

10. The Knox County Board of Education (hereafter "KCBOE") is a body politic that has a duty to enact and enforce operative policies and procedures for KCS principals, administrators, teachers and employees that include those who acted in relationship to the conduct alleged in this complaint.

11. Ryan J. Siebe became the Principal of Farragut High School for the school year 2016-2017.

12. Kimberly H. Gray was an Assistant Principal of Farragut High School for the school years 2015-2016 and 2016-2017.

13. Anthony B. Norris was an Assistant Principal at Farragut High School for the school years 2015-2016 and 2016-2017.

14. Erin A. Ashe was an English Language Arts teacher at Farragut High School for the school year 2016-2017.

2

15. Brian A. Hartsell was the Disciplinary Hearing Authority for the Knox County Schools for the school year 2016-2017 designated pursuant to KCBOE policy "Student Disciplinary Hearing Authority (J-195)."

## II. Adoptions

16. Each paragraph pleaded in this complaint is adopted into each other paragraph and claim stated herein.

17. The conduct pleaded in this complaint is cumulative beginning with early acts, and then being aggravated and heightened up until the time of his death, causing Will's to suffer severe mental anguish, worry and emotional distress during his lifetime.

18. The conduct pleaded in this complaint is cumulative beginning with early acts, and then being aggravated and heightened up until the time of his death being a cause of Will's wrongful death.

## III. Facts

### A. Pre-2016-2017 School Year Background

19. Prior to and during Will's 2014-2015 school year, Will was 13 and 14 years old and began to develop distinctive styles for his red hair and dress in a unique manner.

20. Will's unique hair and clothing style became a reflection of his identity and adolescent personality development that were reinforced by peer acceptance.

21. Will's unique hair and dress resulted in him being voted the Most Unique student in the Eighth Grade by his peers.

22. Will experienced positive feelings about being accepted by his peers and fellow students.

23. Will's unique hairstyle and dress also caused him to stand out to the school administration.

3

## B. Calling Girl Students "emos"

24. In the spring of Will's eighth grade 2014-2015, a group of male students were calling a group of female students "emos," which was short for "emotionals."

25. A female student's parent complained to the administration.

26. Will was the only student called in to the office about the complaint.

27. Will was suspended out of school for four days, that was later reduced to two days.

28. None of the other male students calling girls "emos" were disciplined.

29. Will felt that he was treated unfairly when none of the other boys involved were questioned or disciplined.

## C. Will's Freshman Year At Farragut High School

30. Will attended his freshman year at Farragut High School for the school year 2015-2016.

31. Despite his unique appearance, Will earned 5 A's and 3 B's as a freshman at Farragut High School, including courses in Honors Geometry and Honors Chemistry.

32. At Farragut High School, Will's interest in style and fashion continued to where he was deconstructing and customizing second-hand clothing to create his own fashions.

33. Will's appearance and dress became more unique and brought him more positive acceptance by peers and students.

## D. Will's Class Placements Beyond His Ability

34. In the fall of Will's freshman year, unknown to Will's parents, Will was placed in the highest-level Honors Geometry class that included many gifted mathematical students.

35. The Tennessee Value-Added Assessment System yields higher scores for schools that place students into higher level courses in order to increase the students' growth scores that are a major component of the school's assessment.

4

36. At the FHS Parents' Night meetings at the beginning of the Fall and Spring semesters of the 2015-2016 school year and the Fall semester of the 2016-2017 school year attended by Will's parents, administrators and guidance counselors consistently and continuously emphasized the need for all students to take Honors and Advanced Placement classes.

37. There was no concern expressed at said meetings by FHS for the stress on students being placed in classes that exceeded their abilities to keep up.

38. Will struggled to keep pace with the highest-level Honors Geometry class in which he was placed by FHS.

39. Will experienced significant mental anguish, worry, stress and anxiety over his efforts to keep up with the gifted students in the highest-level Honors Geometry class.

40. Into the Spring 2016, the academic pressures on Will increased to the point that Will was prescribed anti-anxiety medication.

41. In March 2016, Will received a form that he was to complete for requesting courses for the next year, Tenth Grade.

42. Will returned his form with College-Prep Algebra II selected, instead of Honors Algebra II.

43. The mathematics department at Farragut High School contacted Will's father concerning the election of College-Prep, over Honors, for the Algebra II course, since Will had completed Honors Geometry the previous Fall semester, requesting a meeting to discuss the matter.

44. In late March 2016, Will's father attended a meeting at Farragut High School with Angela Buckman, who was Will's teacher from Honors Geometry, Defendant Norris, and others to discuss Will's placement for Algebra II for the next school year.

5

45. In the meeting, Will's father learned that Will had been placed in the highest-level Honor's Geometry class, which Will had completed in the fall.

46. Will's father informed those present about the stress that had been placed on Will during the Fall semester by being required to take the highest honors level class.

47. During the meeting Will's father opposed the FHS representatives' placement of Will in the highest-level Algebra class II.

48. The faculty and administration at this meeting expressed no concern over the stress created on Will by placement in classes beyond his ability to keep up with gifted mathematical students.

49. Will's father agreed to Will's placement in the Honors AB Algebra II class, the less advanced of the two Honors levels of Algebra II, with the stipulation that if Will again struggled in the Honors course, Will would be changed to the College-Prep Algebra II instead.

50. Will was concerned over his placement, but was assured that if it again was too much for him, it would be changed.

**E.     Baby Powder Discipline**

51. On or about April 8, 2016, two students saw "a male student with red hair" with a pill bottle standing by an open locker showing the bottle to his friends.

52. The students reported the incident to a teacher.

53. Defendant Norris questioned Will about the bottle.

54. The content of the bottle was baby powder.

55. Possession of baby powder is not a prohibited substance under the KCBOE "Misbehaviors and Disciplinary Options (J-191)".

56. Defendant Norris imposed a one-day in-school-suspension on Will, apparently considering Will's action to be a Level I or Level II misbehavior according to KCBOE Policy "Misbehaviors and Disciplinary Options (J-191)."

6

57. Will believed that he was being treated unfairly for being disciplined for having baby powder when the possession of baby power was not a disciplinary offense.

58. Will's mental anguish, emotional distress and anxiety was aggravated, enhanced and heightened by being disciplined for having baby powder increased.

F.     **Pizza Box Discipline**

59. On or about May 6, 2016, Will and other students were in a theater class that was unattended by the teacher for a significant portion of the 90-minute class period.

60. KCBOE policy "Supervision of Students (J-380)," states "students shall be under the supervision of school personnel, either certified or classified, at all times."

61. Another student in the theater class was also on the yearbook staff and was in the theater auditorium handing out yearbooks and had been provided pizza to eat.

62. The students serving on the yearbook staff and working in the theater auditorium were also unsupervised during a significant portion of the theater class period, in violation of KCBOE policy "Supervision of Students (J-380)."

63. The student handing out yearbooks invited Will and two other students in the classroom to eat pizza because they had plenty.

64. Will and two other students went backstage at the theater.

65. Will got a box of pizza and held it as the two other students ate pizza.

66. While holding the box for the students eating the pizza the theater teacher confronted them and told Will was told to put the pizza back.

67. Will was returning the box when the yearbook teacher saw him.

68. The yearbook teacher called the resource officer and accused Will of stealing pizza.

69. Will was only holding the box.

70. The two other students were eating the pizza.

7

71. Defendant Norris imposed discipline on Will for two (2) days out-of-school suspension.

72. Defendant Norris imposed no discipline on the two other students that were actually eating the pizza.

73. KCBOE policy "Code of Behavior and Discipline (J-190)" states:

"The principal of each school shall be responsible for implementation and administration in his/her school and shall apply the policies uniformly and fairly to each student at the school without partiality and discrimination."

74. Defendant Norris treated Will differently from the students who were eating the pizza.

75. Defendant Norris treated Will unfairly in relationship to the students who were eating the pizza.

76. Defendant Norris showed partiality to the students eating the pizza by not disciplining them.

77. Will's prior, and ongoing, mental distress was aggravated, enhanced and heightened by his being treated differently, unfairly and being singled out from the other students for punishment by Defendant Norris.

### G.   The Summer Break

78. Will's family planned a vacation abroad during the summer break, in part designed to provide Will a reprieve from the mental anguish, stress and anxiety he was placed under during his Freshman year at FHS.

79. Will was looking forward to returning to FHS for his Sophomore year.

8

### H. Will's Sexual Orientation Perception

80. While growing up Will was one of a close group of males consisting of his older brother, three others in his brother's grade at school, and himself who all considered themselves to be each other's "brothers."

81. Prior to 2016, two of his brother's classmates that were among Will's close group of friends publicly acknowledged they were gay.

82. Will's presentation, appearance, and actions created a perception of Will's tolerance toward alternative sexual orientation and a perception that he was alternatively sexual oriented.

### I. 2016-2017 FHS Sophomore School Year

83. Defendant Ryan J. Siebe was assigned as Principal of Farragut High School for the school year 2016-2017.

84. Defendants Gray and Norris had been Assistant Principals during Will's freshman year and continued as Assistant Principals at Farragut High School for the school year 2016-2017.

9

### J. Transgender Bathroom Support

85. In the Fall 2016 the issue of transgender students using bathrooms of their birth gender, or their current gender, became a national issue.

86. Will became an outspoken advocate for students to use the bathroom of their current gender, a very controversial issue at FHS.

87. Will became frustrated with the FHS administration's opposition to students not being permitted to use their current gender bathroom facilities.

88. Will became identified with the LGBT movement.

### K. Girls' Leggings Support

89. In the fall of 2016 the FHS administration considered banning female students from wearing leggings to school.

90. Will, in opposition to the administration and in support of the female students, wore base layer pants that were very similar to female leggings to school.

91. Female students at Farragut High School prevailed and were allowed to continue to wear leggings with "appropriate coverage," as discussed in KCBOE policy "Dress Code (J-260)."

92. Will was deeply disturbed by the FHS administration being opposed to girls wearing leggings.

### L. Harassment And Discrimination

93. Will's perceived gender and sexual orientation, and his support of LGBT rights, continued to cause Will to be targeted and treated differently by the school administration, in violation of KCBOE harassment policy J-210:

> Knox County Schools does not discriminate in its programs nor does it tolerate harassment for any reason including, but not limited to, harassment on the basis of actual or perceived gender, sexual orientation, national origin, disability, religion, race, color or any other Federally identified protected area. Harassment of any student will not be tolerated. Harassment is defined as conduct, advances, gestures or words of a nature

10

which:

1. Unreasonably interfere with the student's work or educational opportunities;

2. Create an intimidating, hostile or offensive learning environment;"

**M.    An "Anonymous Tip"**

94. On November 10, 2016, Defendant Siebe called Will into his office.

95. Defendant Siebe stated they had received an "anonymous tip" from the Knox County Sheriff's Office.

96. Will and his locker were searched. Nothing was found on Will or in his locker.

97. Defendant Siebe called Will's father about the "anonymous tip" and the searches.

98. Will's father, because of what had been occurring with Will being singled out and targeted by school administrators, asked Defendant Siebe not to single out Will or treat him differently because of his distinctive red hair and unique fashion.

99. Will's continuing mental anguish, emotional distress and anxiety was aggravated, enhanced and heightened over the manner he was treated by Defendant Siebe over an "anonymous tip" that was not true.

**N.    Sleeping In Class Incident**

100.    On December 2, 2016, Will was sent to Defendant Siebe by a teacher for sleeping in a mid-morning class.

101.    Will's mother was called to the school and was told Will was incoherent.

102.    Will was seated in a conference room on the first floor with Defendant Siebe.

103.    Will was not incoherent when his mother arrived.

104.    Defendant Siebe said Will's speech was slurred and his eyes were dilated.

105.    Will's mother told Defendant Siebe that Will was on prescription anti-anxiety medication that caused his eyes to be dilated and Will was taking Melatonin to assist his sleep.

11

106.    Defendant Siebe stated that Will could not tell him whether he had taken his medication the previous night.

107.    Will explained that the night before, and for the first time on a school night, he had worked a late shift at his part-time job and that was the reason he was sleepy.

108.    Will's mother explained that after arriving home from work the night before and eating dinner that Will fell asleep on the couch before he went to his room.

109.    Will's mother explained she gave Will his medicine after he had fallen asleep on the couch.

110.    Defendant Siebe replied "I won't say what my suspicions are" clearly inferring to Will and his mother that Defendant Siebe believed Will was on illegal drugs.

111.    Will returned to class after the explanation and it appearing Will was fine.

112.    Will's continuing mental anguish, emotional distress and anxiety was aggravated, enhanced and heightened by Defendant Siebe inferring that Will was on illegal drugs.

**O.    Will's Dietary Supplement Pill Discipline**

113.    On December 8, 2017 it was reported to the office by a student that Will had been seen with some white pills.

114.    Will was taken to Defendant Siebe's office.

115.    Defendant Siebe questioned Will if he had anything on him.

116.    Will took out 29 capsules of dietary supplement, phenibut and gave them to Defendant Siebe.

117.    Phenibut is a dietary supplement that is available without a prescription.

118.    Will informed Defendant Siebe that he had purchased the supplements from another student, whom he named, in the Farragut High School Green Wing boys' restroom before school that day.

12

119.	Will stated that he had received the capsules from the other student in a Connor's Restaurant gift card tin but had transferred them to a Ziploc bag from his lunch bag because one of the thirty capsules had broken when he opened the tin.

120.	Will provided Defendant Siebe the name of the student who sold him the supplements both verbally and in Will's written statement.

121.	Defendant Siebe did not question or search the individual that sold the pills to Will that day at FHS.

122.	Defendant Siebe issued a "KCSB Notice of Disciplinary Hearing for Longer Term Suspension for School" (hereafter "Notice") setting the disciplinary hearing for December 14, 2016, at 3:00 p.m.

123.	The Notice states that at the disciplinary hearing the parents or student shall be allowed to be represented by Legal Counsel.

124.	On December 13, 2016, Will and his parents met with attorney Jeff Whitt concerning his representation of Will at the upcoming Disciplinary Hearing.

125.	Will's father contacted Farragut High School and informed a person in the administration that Attorney Jeff Whitt would be present at the disciplinary hearing.

126.	Upon the advice of Attorney Whitt, Will took a multi-panel drug screening at NetGain Mobile Diagnostics at 4605 Papermill Road in Knoxville on December 14, 2016.

127.	On December 15, 2016, NetGain Mobile Diagnostics returned the laboratory report from Quest Diagnostics showing "NEGATIVE" results for all components of the Substance Abuse Panel: amphetamines, barbiturates, benzodiazepines, cocaine metabolites, marijuana metabolites, methadone, methaqualone, opiates, oxycodones, phencyclidine, and propoxyphene.

13

128.     Upon FHS being notified that Will would be represented by Counsel, the hearing was continued until December 20, 2016, so that the KCBOE attorney could be present.

129.     Will's continuing mental anguish, emotional distress and anxiety, and belief he was being treated unfairly and singled out, was aggravated, enhanced and heightened over being summarily suspended out-of-school for a long term suspension when the individual that sold him the diet pills was not questioned or disciplined.

**P.     December 16, 2016 State-Mandated Test Requirements**

130.     KCBOE policy "Student Suspension (J-193)" states:

"If the suspension occurs during the last ten (10) days of any term or semester, the student shall be permitted to take such final examinations or submit such required work as necessary to complete the course of instruction for that semester, subject to conditions prescribed by the administrator."

131.     By email on the morning of December 12, 2016, Will's father requested from each of Will's four classroom teachers the assignments for the first five days of his suspension, up to and including December 14, the original date of the Disciplinary Hearing.

132.     On December 12, the teacher of Honors Algebra II replied that the week would be dedicated to State testing and inquired whether Will would be available December 15 for making up a chapter test he missed on December 9.

133.     Candace Greer, Curriculum Principal at Farragut High School, called the Bannister residence during school hours on December 15, and spoke to Will about scheduling his State-mandated End-of-Course examination for Honors Algebra II without consulting first with either of his parents, both of which were at work at the time of the call, and subsequently leaving voice mail on Will's mother's cell phone indicating that "Will had agreed" to take the test on the next morning, December 16.

14

134.    Being required to take the end-of-course examination for Honors Algebra II without being provided any in-class review for the test provided other students and having had not received any review materials to use at home as required by KCBOE policy "Student Suspension (J-193)" enhanced and heightened Will's mental anguish, his worry and his emotional distress.

135.    On December 16, Will's father notified the Farragut High School administration that Will would not be taking the Algebra II End-of-Course examination that day since he had not been afforded the same opportunities for in-class review of the materials as other students in the class, and had not received any review materials to use at home.

136.    On December 16, Will's father communicated to Farragut High School that Monday, December 19 would be an acceptable time for Will to take the Algebra II End-of-Course make-up examination, provided Will would be given appropriate review materials that day, and also requesting a schedule for Will's final course examinations for the week of December 19-22.

137.    On December 16, Candace Greer, working with the Algebra II teacher, provided the study materials for the End-of-Course examination and the make-up chapter test by the end of the school day.

138.    On December 16, Will's father received assignments for the class Introduction to Business and Marketing.

139.    During the week of December 19-22, Will completed the End-of-Course-equivalent examination for Honors Algebra II, the make-up chapter test for Algebra II, and final examinations for his other three courses.

140.    By December 22, 2016, Will completed other assignments to complete his coursework for the Fall 2016 Semester at Farragut High School, completing the courses with three A's and one B.

15

141.     The delay providing Will home materials and requirements to take tests to complete courses and final examinations, while Will's disciplinary hearing had been continued, and while Will remained suspended at home aggravated, enhanced, and heightened Will's ongoing mental anguish, his worry, and his emotional distress.

**Q.     Will's December 20, 2016 Disciplinary Hearing**

142.     Defendants Siebe, Gray, Norris, and Hartsell, as Knox County Schools employees, are required to abide by the Knox County Schools Employee Handbook, which under Violations of Policies and Procedures states:

> "All employees are required to abide by Knox County Schools, policies, procedures and all applicable laws and regulations. Suspected violations of policy and procedures will be investigated. Failure to abide by applicable policies, laws, and regulations or engaging in actions which discredit the Knox County Schools may result in disciplinary action, up to and including termination. However, all disciplinary actions may be appealed to the next level of supervision, including the Superintendent."

143.     The FHS Disciplinary Hearing for Will concerning the incident with non-prescription diet pills was held on December 20, 2016 at Farragut High School with the following persons present:   Will, Will's parents Candace and Mark Bannister, Will's Attorney Jeff Whitt, Defendant Gray, Defendant Norris, and Knox County Deputy Law Director Gary T. Dupler.

144.     Defendant Siebe, who had already determined without a hearing, that Will had violated a KCS Policy and Procedure, and that a long-term out-of-school suspension would be imposed, appointed his subordinate Defendant Gray as his Hearing Officer at the Disciplinary Hearing and his subordinate Defendant Norris to assist in the hearing as his investigator.

145.     Defendant Norris stated the 29 pills taken from Will on December 8, 2016 were sent to the Knox County Sheriff's Office and that the pills "did not test positive for meth or molly."

146.     Tenn. Code Ann. § 49-6-3401 authorized Defendants Siebe and Gray to impose discipline for "(10) Unlawful use or possession of barbital or legend drugs, as defined in § 53-10-101"

16

147.    The diet pill phenibut is not a controlled substance, can be readily purchased without a prescription, and is not a "legend drug" within the meaning of Tenn. Code Ann. § 53-10-101.

148.    Defendants Gray and Norris were provided the results of Will's December 14, 2016 multi-panel drug screening showing "NEGATIVE" for all eleven drug classes.

149.    Will's parents stated that FHS has the biggest drug problem in KCS.

150.    Defendant Gray responded to this by stating that, "all high schools have drug problems."

151.    When Will's mother inquired about whether there had been any investigation of the student who sold the pills to Will, Defendant Norris stated that they had not investigated the seller because the event happened at the end of the school day and there had not been time to call in the student.

152.    Will's mother stated that Will reported the name of the student who sold him the pills and that student had ordered ninety (90) capsules and only sold thirty (30) to Will, leaving sixty (60) additional capsules unaccounted for, possible sold to other students at Farragut High School.

153.    Defendant Gray announced a decision that Will would be given long term out-of-school suspension, with the term initially stated as ninety (90) days.

154.    Defendant Gray then revised the discipline to be one hundred (100) days since the initial 90 day term would have Will returning to Farragut the last two weeks of the 2016-2017 school year.

155.    Defendant Gray added, "No sense having him back here for the last ten days of school."

156.    Will's mother protested the unfair discipline of FHS by failing to investigate the student identified by Will as the one who sold him the pills at school on December 8, 2016.

17

157.     Deputy Law Director Dupler directed the Farragut High School administration to investigate the seller, declaring "If the seller has not been investigated yet, he is going to be."

158.     The failure of Defendants Siebe, Gray, and Norris to investigate the student whom Will identified as being the one who sold him the dietary supplements at Farragut High School on December 8, 2016, violated KCBOE policy "Code of Behavior and Discipline (J-190)," which states:

> "The principal of each school shall be responsible for implementation and administration in his/her school and shall apply the policies uniformly and fairly to each student at the school without partiality and discrimination."

159.     Defendant Gray wrote that the Reasons for Suspension as given in KCBOE policy JCCC-1 were S17 – Possession, use or distribution of illegal (sic) drugs, and S24 – Violation of school rules.

160.     Defendant Gray reassured Will that he would be given a "clean slate" upon serving his suspension and returning to Farragut High School.

161.     Will was devastated by Defendant Gray's discipline of Will by imposing a 100 day out-of-school suspension.

162.     Will's ongoing mental anguish, his worry, his emotional distress and his belief he was being treated unfairly and singled out by FHS was aggravated, enhanced, and heightened by the imposition of 100 days out-of-school discipline.

**R.     No Guidance Counselor As Required For Alternative School Programs**

163.     KCBOE policy "Alternative School Programs (J-280)" states:

> "The Board shall operate an alternative school program for students in grades 6-12 who have been suspended or expelled from regular school programs. Except students who are eligible for special education, such change in a student's program **shall be** determined by the disciplinary hearing authority in accordance with the suspension policy of the Board and based upon recommendations from a team composed of the principal, **the school guidance counselor** and the student, with or without the parents being present." (bolding underlined added)

18

164. Will was assigned to the KCS Night Alternative Program at Karns High School without a guidance counselor being present at the Disciplinary Hearing in violation of KCBOE policy "Alternative School Programs (J-280)."

165. The decision to impose a one-hundred (100) day out-of-school suspension for the possession of diet pills significantly aggravated, enhanced and heightened Will's ongoing mental anguish, his worry, his emotional distress and anxiety.

166. The decision to impose a one-hundred (100) day out-of-school suspension for possession of diet pills confirmed in Will's mind he was being targeted and treated differently because of his unique appearance and social stances on gender related issues.

### S. Will's Appeal of Disciplinary Hearing Ruling

167. In accordance with KCBOE policy "Student Suspension (J-193)," with the assistance of his parents, Will appealed the ruling of the December 20th Disciplinary Hearing at Farragut by sending the written appeal to the KCS Disciplinary Hearing Authority, Defendant Brian A. Hartsell, by FAX on the afternoon of December 21, 2016, well within the five-day window for appeal stated in the policy.

168. Will's appeal provided home address, home telephone number, and mobile telephone number for Will's father as contact information on the Appeal form.

169. According to KCBOE policy "Student Suspension (J-193)":

"The appeal from this decision shall be to a disciplinary hearing authority appointed by the Board. The hearing shall be held no later than ten (10) days after the beginning of the suspension."

170. On January 4, 2017, having received no notice of an appeal hearing from the Disciplinary Hearing Authority, Will's father contacted Defendant Hartsell to inquire about the appeal hearing.

19

171. Defendant Hartsell responded that he could not find any record of the appeal sent via FAX on December 21, 2016, and that his assistant, Penny Farmer, was out-of-town and could not help him find such an appeal form.

172. On January 4, 2017, Will's father sent via FAX a second copy of the appeal of the December 20 Disciplinary Hearing to the office of Defendant Hartsell. He verified by phone conversation with Defendant Hartsell that the appeal was received.

173. Defendant Hartsell subsequently scheduled the hearing for the appeal of the December 20 Disciplinary Hearing to be held on January 17, 2017 at 2:00 pm at the Knox County Schools offices in the Andrew Johnson Building in Knoxville, providing written notice in a letter dated January 11, 2017.

174. This appeal hearing was thus scheduled for a date that was at least seventeen (17) business days since Will's suspension on December 8, 2016, in clear violation of KCBOE policy "Student Suspension (J-193)."

175. The delay in Will's appeal enhanced and heightened Will's ongoing mental anguish, worry, and emotional distress.

**T.    Appeal of Suspension before Discipline Hearing Authority**

176. The Appeal Hearing before the Knox County Schools Discipline Hearing Authority was held on January 17, 2017 at the KCS offices at the Andrew Johnson Building.

177. Defendants Hartsell, Gray, and Norris met for at least fifteen minutes prior to the other parties being ushered into the conference room.

178. Will believed it to be unfair and improper for the persons who imposed the discipline on Will to be talking in private with the hearing officer who was hearing the appeal.

20

179. Due process of law prohibited independent investigations and *ex parte* communications by Defendant Hartsell in the absence of Will and his parents that denied Will notice and a meaningful opportunity to be heard at a meaningful time.

180. After meeting in private with Defendants Gray and Norris, Will, Will's parents, and Will's counsel Jeff Whitt and Knox County Deputy Law Director Gary T. Dupler joined Defendant Hartsell, assistant Penny Farmer, Defendant Gray, and Defendant Norris.

181. Will and his parents were notified that the meeting would be videotaped and audiotaped.

182. Upon entering the room where Defendants Gray and Norris had been speaking to Defendant Hartsell, Defendant Hartsell asked "Ms. Bannister, were you aware that your son Andrew *brought* 30 capsules of phenibut to Farragut High School on December 8, 2016?" (emphasis added)

183. Will's mother replied by reminding Defendant Hartsell that Will was suspended because he *bought* 30 capsules of phenibut from another student at Farragut High School that morning. (emphasis added)

184. The video recording of the meeting, as provided to Will's parents by Deputy Law Director Dupler in the Fall of 2017, does not contain the initial sequence in which Defendant Hartsell stated that Will had *brought* the phenibut capsules to school.

185. After the preliminary discussion between Defendant Hartsell and Will's mother, Defendant Hartsell began the recording and identified those present.

186. Defendant Hartsell stated in the Appeal Hearing that he was not considering the action of Will on December 8, 2016 to be a Zero Tolerance offense.

187. Will's mother inquired about any investigation of the student who had sold Will the supplements on December 8.

21

188. Defendant Hartsell stated that no students other than Will would be discussed.

189. KCBOE policy "Code of Behavior and Discipline (J-190) required Will's discipline to be uniform, and partiality to other students is prohibited.

190. Will's mother inquired whether the FHS had followed the directive of Deputy Law Director Dupler, given at the Disciplinary Hearing on December 20, to investigate the student who sold Will the diet pills.

191. Defendant Norris stated that the seller had not been investigated and that Defendant Siebe had told Norris that they did not have to investigate the seller.

192. The video recording of the meeting did not contain either sequence in which Will's mother asked Defendants Gray and Norris whether the FHS administration had complied with the December 20, 2016 directive of Deputy Law Director Dupler to investigate the student who sold the phenibut to Will at school on December 8, 2016, or the response of Defendant Norris.

193. Will's counsel, Jeff Whitt, presented information about the dietary supplement phenibut that Will purchased from a student he named at Farragut High School, re-iterating that phenibut is not a controlled substance and can be readily purchased online.

194. Will's counsel, Jeff Whitt, referred to the Knox County Schools Administrator Discipline Guidelines that clearly state that the discipline for possessing over-the-counter medications, including "diet pills," should range from in-school-suspension to a maximum of thirty (30) days out-of-school suspension.

195. Will's counsel, Jeff Whitt, stated that the only sale of phenibut that occurred at Farragut High School on December 8, 2016 was the one in which Will obtained the capsules from the other named student in the Green Wing bathroom.

22

196.     Will's counsel, Jeff Whitt, also pointed out that there was no evidence that Will was attempting to sell the phenibut, as no students testified that Will had attempted to sell any capsules and Will still had all the unbroken capsules at the end of the school day when questioned by Defendant Siebe.

197.     Defendant Hartsell stated that Will and his parents would receive written notice of his decision on the appeal by registered mail within a few days.

198.     Will's mother again addressed the issue of Farragut High School having the "biggest drug problem in Knox County" the drug problem at Farragut High School.

199.     Defendant Hartsell responded, "Well, Mrs. Bannister, that has long since been the case. What do you want us to do about it?"

200.     Will's mental anguish, worry, emotional distress and anxiety was aggravated, enhanced and heightened over the unfair manner in which the disciplinary appeal had been conducted although Will was encouraged that his Attorney had provided Defendant Hartsell the correct facts and the suspension would be modified.

**U.     Appeal of Decision by Defendant Brian A. Hartsell**

201.     On January 26, 2017, Will's parents received by registered mail the written decision of Defendant Hartsell concerning the Appeal of the Disciplinary Hearing, dated January 23, 2017.

202.     Defendant Hartsell stated in the letter that he found nothing to indicate that the "principal's decision should be overturned".

203.     Defendant Siebe did not make a decision to impose 100 days out-of-school suspension.

204.     Defendant Siebe's subordinate, Defendant Gray, imposed 100 days out-of-school suspension.

23

205. Defendant Siebe never adopted or approved the decision of the Defendant Gray as his hearing officer.

206. Defendant Hartsell ignored uncontroverted evidence that the "diet pills" were not a "controlled substance" as determined by Defendant Hartsell on January 23, 2016.

207. Defendant Hartsell ignored uncontroverted evidence that Will did not purchase and attempted to sell an "illegal substance" on school property.

208. Defendant Hartsell upheld the decision to suspend Will for "one hundred (100) days for the purchase and the attempt to sell an **illegal substance** on school property". (bold added)

209. The diet pills, phenibut that Will purchased from another student at FHS on December 8, 2016 were not a "controlled substance" and were not an "illegal substance".

210. Will was devastated by the decision of Defendant Hartsell.

211. Will's ongoing mental anguish, worry, emotional distress and anxiety were severely aggravated, enhanced and heightened by the decision of Defendant Hartsell.

**V.     Review By The Superintendent of Schools**

212. In accordance with KCBOE policy "Student Suspension (J-193)," on January 30, 2017, Will's father sent via FAX to Defendant Hartsell requesting a review by the KCS Director of Schools, Buzz Thomas.

213. On February 2, 2017, Will's father was notified by Will's counsel, Jeff Whitt, that the KCS Director of Schools, Buzz Thomas, had requested a meeting on February 13, 2017 to discuss the Appeal of the Disciplinary Hearing.

214. On February 10, 2017, Will's father was notified by Will's counsel, Jeff Whitt, that he had met with KCS Director of Schools Buzz Thomas and Deputy Law Director Gary T. Dupler to discuss Will's disciplinary appeal.

24

215. Will's counsel, Jeff Whitt, informed Will's father that KCS Director of Schools Buzz Thomas, upon the recommendation of Deputy Law Director Dupler, had modified Will's suspension.

216. Will was immediately re-instated at Farragut High School, to return to class on Monday, February 13, 2017.

217. Will's mental anguish, worry, mental distress and worry was lessened and he was looking forward to returning to FHS as a regular student.

**W.    Knox County Schools Night Alternative Program at Karns High School**

218. During the Disciplinary Hearing held December 20, 2016 at Farragut High School, Will was assigned, for the Spring 2017 semester, to the KCS Night Alternative Program at Karns High School, which was held Monday through Thursday of each school week from 4:30 pm to 7:30 pm each evening, for a total of twelve (12) instruction hours per week.

219. Students attending Farragut High School for the spring semester of school year 2016-2017 received at least thirty (30) instruction hours per week.

220. Transportation to the Night Alternative Program is not provided by Knox County Schools and must be provided by parents, creating difficulties for working parents, including Will's parents, Candace and Mark Bannister.

221. KCS operations are governed by KCS procedure "Alternative School Programs (J-280)":

"The Knox County School Board has established the following alternative schools and alternative programs in accordance with TCA 49-6-3402:
1. Richard Yoakley Alternative School for high school and middle school students
2. Karns Annex Alternative School for middle school students
3) Night Alternative Programs for high school students located at each Knox County high school
4) Knox County Schools and Boys and Girls Clubs of the Tennessee Valley, joint alternative programs for middle school students – This program is located in four (4) Boys and Girls Clubs sites:

25

a. Moses Center
b. Caswell site
c. Halls-Powell site
d. Vestal site"

222. Knox County Schools and FHS administrators did not follow KCS procedure "Alternative School Programs (J-280)" by not placing Will in an alternative program at FHS pursuant to procedure J-280 (3), where the clear intent is for high school students assigned to an alternative program to be placed at their home school.

223. Tenn. Rule 0520-01-02.-09 Alternative Schools establishes requirements for alternative schools operated by LEAs, including:

(2) Requirements

(g) Support services such as counseling and psychological services must be accessible.

224. The KCS Night Alternative School violated Tenn. Rule 0520-01-02-.09 (2)(g) by not providing school counselors or psychological services for the students assigned to that program during the Spring semester of school year 2016-2017.

225. But for the failure of the KCS Night Alternative School to provide counseling and psychological services, a reasonably well-trained guidance counselor or psychologist would have recognized Will's depression, mental anguish, worry, and mental distress and his need for support services for those conditions.

## X. Inadequate Alternative Education

226. The academic program at the Night Alternative Program was provided through an online platform named Plato, a commercial service of Edmentum, to which Knox County Schools subscribed.

26

227. Will's Spring 2017 schedule was adjusted to meet two constraints: one, the courses must be available on the Plato platform, and two, the corresponding classes at Farragut High School must have availability.

228. Will's adjusted schedule included courses in English 10 (College-prep), Government, Physical Science, and Creative Writing.

229. The Plato English 10 course was poorly designed, with assignments involving questions with unknown numbers of correct answers. This caused Will to struggle since he was getting no direct instruction from any teacher during his placement at the Night Alternative Program.

230. Will scored a grade of D on the first unit assessment in Plato English 10, prompting Will's father to contact Seth Smith, Director of the Night Alternative Program, in early February to request assistance for Will with the Plato English 10 coursework at Karns.

231. When Will's parents received the notice that KCS Director of Schools had modified Will's suspension and ordered Will back to Farragut on February 10, Will had not been at the Night Alternative Program during that week, as Knox County Schools was closed for illness.

232. Will had been unable to receive any assistance during the Night Alternative Program at Karns and still held a course grade of D in English 10.

233. Fearing that this one low grade in English 10 at the Night Alternative School would be too heavily weighted upon Will's return to Farragut High School would prevent him from having any opportunity to significantly raise the course grade, and knowing that Will would be responsible on subsequent mid-term examinations at Farragut for class material that he did not receive while at the Night Alternative Program, Will's parents made a request to the KCS Director of Schools on February 13, 2017 that Will be allowed to continue in the Night Alternative Program until the end of the nine-weeks grading period, providing a more natural return point to Farragut High School.

27

234. The Tennessee Department of Education Suggested Best Practices for Alternative Education states: "Whenever possible, the student's transition back to the home school should occur at a natural break, such as the end of a grading period or semester."

235. The request for Will to complete the nine-week grading period at the Night Alternative Program was approved.

236. KCBOE and KCS did not provide a formal transition plan for Will for his return to Farragut High School, in violation of Tenn. Code Ann. § 49-6-3402 (h)(1):

> Tenn. Code Ann. § 49-6-3402. Alternative schools for suspended or expelled students -- Mandated attendance.
> (h)(1) LEAs establishing alternative schools or contracting for the operation of alternative schools shall develop and implement formal transition plans for the integration of students from regular schools to alternative schools and from alternative schools to regular schools. The plans shall be targeted to improve communication between regular and alternative school staff, provide professional development opportunities shared by regular school staff and alternative school staff, align curricula between regular schools and alternative schools, develop quality in-take procedures for students returning to regular school and provide student follow-up upon return to regular school.

237. The inadequate alternative education provided Will aggravated, enhanced and heightened Will's continuing mental anguish, worry, emotional distress and anxiety.

**Y.     Post-suspension Period at Farragut High School**

238. On March 20, 2017, Will's father accompanied Will to Farragut High School on his first day back.

239. Because Will had completed the Plato Physical Science course at the Night Alternative School, Farragut High School guidance counselor Heidi Foster was engaged by Curriculum Principal Candace Greer to adjust Will's course schedule for the remaining nine weeks of the school year, finding a replacement class to substitute for the completed Physical Science one.

240. Will was told by Defendant Gray at the FHS disciplinary hearing that Will would have a "clean slate" when he returned from his suspension to FHS.

28

241. Will was relieved about having a "clean slate" upon returning to FHS.

242. On February 10, 2017, Will wrote a paper "My Feelings"

"As we were walking, my Dad told me that my attorney had called, and got me back in school. Mr. Whitt was working with Mr. Dupler, who knew my case was being treated unfairly. Mr. Dupler talked with Buzz Thomas and got me 70 days less than expected. This was the best news I had had in a long time. I'm so excited that I get to go back to Farragut and be in a normal school. I like alternative school, but it puts a label on me that I'm a bad person and that I'm one of the losers who aren't good enough for my regular school. Now none of that matters though. I'm going back to Farragut and I'm gonna be like everyone else I know. Hearing this was the best news I could have had.... Overall, today was a great day and maybe things are beginning to look up. I feel happy now like I matter."

243. Will did not have a "clean slate" upon returning to FHS.

244. On March 20, 2017, the first day Will returned to FHS, Defendant Siebe visited two of Will's four classes.

245. Will was concerned because Defendant Siebe had never visited his classes before, except for the occurrence on December 8, 2016 to question Will about the diet pills.

246. Defendant Siebe continued to appear in Will's classes.

247. Will began to realize that it was not true that he was going to have a "clean slate" after he returned to FHS and that what he had been told about having a "clean slate" was not true.

248. Will's mental anguish, his worry, his emotional distress, and his anxiety that were at their most intense levels while Will was being disciplined with out-of-school suspension, escalated to those levels again upon returning to FHS and realizing Will did not have the promised "clean slate."

249. Due to Will's mental and emotional distress and anxiety recurring, his parents scheduled an appointment for Will with his pediatrician for April 13, 2017 to discuss Will's condition and ask whether Will's prescription for the anti-anxiety medicine Sertraline (generic form of Zoloft) might need to be adjusted.

29

**Z. Lack Of Knowledge of Guidelines Because Of Out-of-School Suspension**

250.    On April 16, 2017, Will worked on a Creative Writing assignment that was a fiction portfolio that had been graded and returned to him by Defendant Ashe.

251.    Will received deductions in his grade on the assignment for not following formatting guidelines that Defendant Ashe had given at the beginning of the semester.

252.    Defendant Ashe knew that Will was not in the class when the formatting guidelines were announced.

253.    Will expressed frustration and stress by being penalized for guidelines he was not told about because of being at the alternative school.

254.    Will completed the reworking of his fiction portfolio to follow the formatting guidelines of Defendant Ashe to be turned in the next day, April 17, 2017.

255.    On the evening of April 16, 2017, Will expressed his mental anguish and his emotional distress about how he had been treated by the administration of FHS.

256.    Will asked his parents whether they could have sued Knox County Schools because of their unfair treatment of him.

257.    Will's parents told him that they had retained counsel Jeff Whitt for the purpose of ensuring that Will would be treated fairly.

258.    Will asked, "Could we still sue them?"

259.    During the discussion Will was demonstratively upset with his treatment by FHS administrators and teachers, with this unfair treatment not ending after he returned to FHS.

260.    Will's mother tried to console Will by telling him, "They overturned the long-term suspension and you are back at Farragut. That's what you wanted, right?"

261.    Will responded, "Yeah, but..." and did not complete his sentence

30

### AA. Will's Suicide on April 17, 2017

262.    Will's mother asked Will about the fiction portfolio assignment for the Creative Writing course on April 17th after school and at his home.

263.    Will replied that Defendant Ashe had accepted his changes on the fiction portfolio but that he needed to submit the original copy.

264.    Will retrieved the original from the kitchen garbage can where he had thrown it the previous day.

265.    Will's father came home after work and proceeded to the basement to put away his briefcase.

266.    Will's father spoke with Will about the Creative Writing fiction portfolio.

267.    Will's father went upstairs to use the bathroom while Will remained in the basement.

268.    After the bathroom visit, Will's father stopped in the kitchen to call the Knox County First Circuit Court to see if he needed to report for jury duty the next day.

269.    Will's father then went downstairs to the basement to ask Will a question.

270.    Will's father found Will unconscious and bleeding on the basement floor from a self-inflicted gunshot wound.

271.    At 12:39 am on April 18, 2017, Will was declared medically dead by doctors at the University of Tennessee Medical Center Trauma Unit due to Will's self-inflicted gunshot wound.

### BB. Will's Creative Writing Journal

272.    On April 30, 2017, Will's parents were sorting through his school backpack and found his writing journal for the Creative Writing class that he had been taking during the Spring semester.

273.    Defendant Ashe was the instructor for Will's Creative Writing class.

31

274. Will's parents noticed a journal entry entitled, "Is Your [sic] Comedy or [sic] Tragedy" that was for an assignment of "Is Your Life A Comedy or A Tragedy?"

275. In the journal entry, Will expressed that his life was probably a tragedy. He wrote, "Probably a tragedy because I have many flaws that will eventually be the end of me. The tragedy that might be the end of me, like selfishness or other things like that."

276. Will's journal entry continued, "Ridin round bein selfish and not thinking of others. I'm scared for myself that I might do something actually harmful for others."

277. Will's journal entry concluded with, "I really messed up. There's no way I'm gonna finish."

278. The journal entry was marked by Defendant Ashe with a handwritten grade of "38/50" and a handwritten comment that "You must write a full half page".

279. According to ASPEN records, the online grading system used by Farragut High School, the grade for this assignment was recorded on April 6, 2017.

280. No one from Farragut High School contacted Will's parents about the journal entry wherein Will expressed suicidal ideation.

281. It was on April 13, 2017 - seven (7) days later - that Will's parents took Will to his pediatrician regarding Will's unhappy mental and emotional state and the potential need for adjustment of his medication.

282. But for Will's parents being unaware of Will's writing on or about April 6, 2017 expressing Will's suicidal ideation, Will's parents and pediatrician were unaware of Will's thoughts about suicide that he carried out eleven days later on April 17, 2017.

## IV. Claims

283. Each of the foregoing paragraphs are incorporated into the following claims as though restated therein.

32

284. Each of the following claims to rights provided by statutes, policies and procedures, and constitutional administrative due process of law, are subject to application pursuant to KCBOE Policies Revised 6/08 "Student Goals and Objectives" that provides *inter alia*:

> In order to establish an environment conducive to learning for each student, the Board establishes the following goals:
> . . .
> 2. To protect and observe the legal rights of students;
> 3. To enhance the self-image of all students by helping them feel respected and worthy through a learning environment which provides positive encouragement from frequent success;
> . . .
> 5. To deal with students in matters of discipline in a fair and constructive manner.

**CLAIM ONE:**  **Denial Of Administrative Due Process At The FHS J-193 FHS Disciplinary Hearing, Declaratory Judgment, and Remedies**

**A.**  **Administrative Due Process At FHS Disciplinary Hearing.**

285. Will had a constitutionally protected property interest in his right to a public education from Defendants KCS, KCBOE and Knox County Tennessee provided him by Tenn. Const. Art. XI Sec. 12.

286. Will had a constitutionally protected right pursuant to Tenn. Const. Art. I Sec. 8 to administrative due process of law in disciplinary proceedings instituted against him where the circumstances created a risk of bias, prejudice and unfairness were intolerably high.[1]

**B.**  **Will's Right To An Independent Hearing Officer**

287. Defendant Siebe personally investigated the report that Will had pills.

288. Defendant Siebe personally obtained the pills from Will.

---

[1] *see Heyne v. Metro. Nashville Bd. of Pub. Educ.,* 380 S.W.3d 715 (Tenn. 2012)

33

289.     Defendant Siebe required Will provide him a statement as to where Will obtained the pills.

290.     Defendant Siebe decided, immediately after his investigation, that in-school-suspension for Will would not be considered, and immediately imposed out-of-school suspension for a long term, pending a school disciplinary hearing.

291.     Based on his personal investigation, Defendant Siebe decided that out-of-school suspension of more than (4) days would be considered at a disciplinary meeting with a hearing officer

292.     Knox County Schools procedure J-181 "Procedural Due Process" provides:

When a suspension of more than four (4) is to be considered, and if the principal or his designee holding the hearing is the sole person who has observed the violation, then another principal, assistant principal or administrative personnel will be designated to determine if the student has committed a violation and, the appropriate discipline. (separate hearing officer from investigator) [parenthesis contained in procedure]

293.     Defendant Siebe was the direct supervisor of Defendants Gray and Norris.

294.     Defendant Siebe appointed Defendant Gray to be the hearing officer for Will's disciplinary meeting and appointed Defendant Norris as the investigator after Defendant Siebe had decided that Will had committed an offense punishable by more that four (4) days suspension,

295.     Statuary administrative due process of law regarding state agency proceedings, Tenn. Code Ann. § 4-5-303(b) provides that "A person who is subject to the authority, direction or discretion of one who has served as an investigator [. . . ] in a contested case may not serve as an [. . .] hearing officer or assist an [. . .] hearing officer in the same proceeding."

296.     Tenn. Code Ann. § 4-5-303(b) proscribes requirements for appointments of hearing officers in state proceedings.

34

297. Local Boards of education are created pursuant to State law and do not have the power to adopt policies and procedures that conflict with state law.[2]

298. Defendant Siebe was prohibited from appointing Defendants Gray or Norris to serve in Will's disciplinary hearing if Tenn. Code Ann. § 4-5-303(b) applies to FHS disciplinary hearing.

299. Knox County Schools procedure J-181 "Procedural Due Process" read *in para materia* with Tenn. Code Ann. § 4-5-303(b) established *per se* disqualification of Defendant's Gray and Norris.

300. The foregoing denials of administrative due process, independently and in combination with others, created an intolerable risk that Constitutional Will was denied due process of law and fairness pursuant to Tenn. Const. Art. I, Sec. 8 and KCBOE policy at Will's FHS school disciplinary proceedings.[3]

**C. Imposition Of Unauthorized Discipline At The FHS Disciplinary Hearing**

301. KCBOE, a Local Education Agency, adopted policies and procedures that establish operational duties on those administering discipline against Will.

302. KCBOE cannot adopt a Local Policy and Procedure that differs from state statutes.[4]

303. Tenn. Code Ann. § 49-6-3401(10) authorized the KCBOE to adopt policies and procedures to "(10) Unlawful use or possession of barbital or legend drugs as defined in § 53-10-101".

---

[2] *Jordan v. Knox Cty.*, 213 S.W.3d 751, 782 (Tenn. 2007)

[3] *see also Am. Cyanamid Co. v. FTC*, 363 F.2d 757 (6th Cir. 1966)

[4] *Holiday Inns, Inc. v. Olsen*, 692 S.W.2d 850, 853 (Tenn. 1985) "if the rules and regulations promulgated by the [agency] are inconsistent with the statute, then they are void".

35

304.     Will possessed phenibut, a non-prescription diet pill. that was not a barbital or legend drug as defined in § 53-10-101.

305.     KCS School Administrator Discipline Guidelines provides for a maximum of thirty days out-of-school suspension for a non-prescription substance.

306.     Defendant Gray first ordered a 90-day out-of-school discipline an then erased the ninety (90) days and said "Let's just make it one hundred days" because there was no sense in having him back at school for ten (10) days before the end of the school year.

307.     Defendants Gray and Norris violated their operational duty pursuant to KCBOE Policy J-193 and KCS School Administrator Discipline Guidelines by recommending 100 out-of-school suspension as unauthorized discipline on Will.

### D.     Denial Of A Timely FHS Disciplinary Hearing

308.     KCBOE Policy J-193, Student Suspension Procedure 4.b., established an operational duty on FHS administrator Defendant Siebe to provide Will a disciplinary meeting with his parents and FHS administrators within five (5) days of his out-of-school suspension by Defendant Siebe that occurred on December 8, 2016.

309.     Defendants Siebe, Gray and Norris did not provide Will a Policy J-193, 4.b. hearing until December 20, 2016 -- a period of eight working days.

310.     Delay providing Will a school disciplinary hearing, in combination with subsequent delay in obtaining relief on appeal discussed *infra* enhanced and heightened Will's mental anguish and distress during his lifetime.

36

### E. Denial Of Administrator Review Of Length of Suspensions and Conditions for Readmission

311. KCBOE Policy J-193, Student Suspension Procedure 5. provides a requirement that "after the hearing the administrator shall determine the length of the suspension and set conditions for readmission".

312. Defendant Siebe, as administrator, did not attend the disciplinary meeting.

313. Defendants Gray as Defendant Siebe's hearing officer and Norris and a Deputy Law Director were the only persons that attended the J-193 4.b. meeting.

314. Defendants Gray and Norris affirmed Defendant Siebe's decision that Will had committed a disciplinary violation at the FHS disciplinary hearing.

315. Defendant Gray then disciplined Will unlawfully to a 100 days out-or-school suspension for a non-prescription diet pill.

316. There is no record that Defendant Siebe approving the findings and recommendations of Defendant Gray as Defendant Siebe's designated hearing officer.

317. In the event there was an acceptance by Defendant Siebe of the recommendation of the hearing officer, Defendant Siebe was disqualified to make that determination because he had been an investigator and had previously determined a disciplinary violation had occurred.

318. Will was denied KCBOE Policy J-193, Student Suspension Procedure 5 for Defendant Siebe to approve or reject the decision of the hearing officer.

### F. Lack Of Plan For Return to FHS

319. KCBOE Policy J-193, Student Suspension Procedure 5. provides "if the administrator determines the suspension is long term, the administrator shall develop and implement a plan for correcting the behavior when the student returns to school."

320. There was no plan developed by Defendants Siebe, Gray or Norris to correcting Will's behavior when Will was to return to FHS.

**G.      Totality Of The Circumstance**

321. The foregoing circumstances surrounding Will's FHS disciplinary hearing created an intolerable risk that Will's rights to administrative due process and fairness in the determination of a disciplinary offense, and the determination of his punishment.

322. The foregoing statutory, procedural and constitutional violations of Will's right to administrative due process and fairness at the FHS disciplinary hearing level enhanced, heightened and aggravated Will's pre-existing mental anguish, distress and anxiety caused by FHS administrators.

323. The foregoing statutory, procedural and constitutional violations of Will's right to administrative due process and fairness at the FHS disciplinary hearing level, in combination with other unfair treatments by FHS administrators pleaded herein, was a cause of Will taking his own life.

**H.      Declaratory Judgment**

324. A judicial dispute exists as to the rights and the tolerable degree of administrative due process Will was entitled to receive at the FHS disciplinary level that is subject to this Court's jurisdiction to settle pursuant to Tenn. Code Ann. § 29-14-103 and in this action pursuant to Tenn. R. Civ. P. 57.

325. Plaintiffs move the Court declare that Will was entitled to the statutes, procedures and constitutional rights pleaded herein at the FHS disciplinary level.

326. Plaintiffs move the Court declare that the denials of statutes, procedures and constitutional rights pleaded herein were intolerable at the FHS disciplinary level.

327. Plaintiffs move the Court to declare that KCT, KCBOE and KCS are liable in damages violations of the pleaded statutes, procedures and constitutional rights as being operational in

38

nature and the acts of sufficiently high-ranking officials to be policy and procedures of the KCT, KCBOE and KCS.

### I.  Injunctive Relief

328.  Plaintiff, Candace Bannister, as a tenured teacher in the KCS, moves the Court provide injunctive relief requiring KCT, KCBOE and KCS, and its administrators and teachers comply with the pleaded statutes, procedures and constitutional rights in disciplining students in KCS.

### J.  Liability Of Defendants KCS, KCBOE and Knox County Tennessee

329.  Defendants Siebe, Gray and Norris, and a deputy Knox County Law Director, participated in Will's FHS disciplinary hearing, and acted, acquiesced in, consented to and/or turned a blind eye to violations of the pleaded statutes, procedures and administrative due process relating to Will's FHS disciplinary hearing, and were sufficiently high-ranking officials of KCS, KCBOE and Knox County Tennessee that established said conduct to be the policy and procedure of Defendants KCS, KCBOE and Knox County Tennessee for which those entities are liable.

### K.  Liability Of Defendants Siebe, Gray and Norris

330.  Defendants Siebe, Gray and Norris are liable for damages for the above pleaded violations of operational, statutes, polices and constitutional due process of law before and at the FHS disciplinary hearing level.

### CLAIM TWO: Denial Of Fairness And Impartiality; Declaratory Judgment; and Remedies

### A.  Uniformity, fairness and lack of partiality and discrimination.

331.  KCBOE policy "Code of Behavior and Discipline (J-190)" require that principals "apply the policies uniformly and fairly to each student at the school without partiality and discrimination."

39

332. Will, at the time of his disciplinary proceedings that began on December 8, 2016, for possession of phenibut, previously experienced mental anguish, distress and anxiety over being treated unfairly and differently from other students.

333. Will, in his written statement to Defendant Siebe on December 8, 2016, identified the student that sold him the phenibut capsules at FHS.

334. At the FHS meeting, Ms. Bannister requested that the student that sold Will the capsules be investigated and was assured that student would be investigated.

335. Defendants Siebe, Gray and Norris, as disciplinary authorities at FHS, did not investigate or discipline the student whom Will identified as the one that sold him the phenibut capsules at FHS.

336. Had Defendant Siebe and/or Norris investigated the student named by Will on December 8, 2016, that student would have been found to be in possession of the remaining 60 pills after he had sold Will 30 of the pills.

337. The failure to have investigated or questioned the student Will identified as selling him the phenibut capsules at the FHS disciplinary hearing level aggravated, enhanced and heightened Will's mental anguish, worry and anxiety over being treated differently and unfairly from other students at FHS.

**B.    Declaratory Judgment**

338. There exist a justiciable dispute as to whether Defendants Siebe, Gray and Norris were required to promptly investigate the student named by Will as having sold him the 30 pills to comply with the operational duty of fairness, uniformity and lack of partiality and discrimination.

339. Plaintiffs move the Court pursuant to Tenn. Code Ann. § 29-14-103 to declare that Defendants Siebe, Gray and Norris had an operational duty to promptly investigate Will's identification of another student as having sold Will the 30 diet pills at FHS on December 8, 2016.

40

### C. Liability of KCT, KCS and KCBOE

340. Defendants Siebe, Gray and Norris, acted, acquiesced in, turned a blind eye and/or consented to violations of operational KCBOE policy (J-190) that required that principals "apply the policies uniformly and fairly to each student at the school without partiality and discrimination" and were sufficiently high-ranking officials of KCS, KCBOE and Knox County Tennessee that said violations were the policy of Knox County Tennessee, for which Defendants KCS, KCBOE and Knox County Tennessee are liable.

### D. Liability Of Defendants Siebe, Gray and Norris

341. Defendants Siebe, Gray and Norris are liable for damages for the above pleaded operational polices and constitutional due process of law at the FHS disciplinary hearing level.

### CLAIM THREE: Denial Of Administrative Due Process And Operational Duties For Placement In The KCBOE J-280 Alternative School Program; Declaratory Judgment; and Remedies

### A. Denial Of Required Team For Alternative School Program

342. KCBOE Policy J-280, Alternative School Programs, provides that changes in Will's "program shall be determined by the disciplinary hearing authority in accordance with the suspension policy of the Board based upon recommendations from a team composed of the principal, **the school guidance counselor** and the student with or without parents being present."

343. Will was not provided a team composed of the principal and the school guidance counselor and Will required by KCBOE Policy J-280 for Will to be placed in an alternative school program.

344. Defendants Siebe, Gray, and Norris, as operational officers under the direction of KCBOE, failed to develop or implement a formal transition plan for Will upon his return to Farragut

41

High School from the assigned KCS Night Alternative Program, in violation of Tenn. Code Ann. §49-6-3402(h)(1).

### B.     Declaratory Judgment

345.    There exist a justiciable dispute as to whether Defendants Siebe, Gray and Norris were required to convene a team to place Will in an alternative program and if so is it required that a school guidance counselor be a member of that team.

346.    Plaintiffs move the Court pursuant to Tenn. Code Ann. § 29-14-103 to declare that Defendants Siebe, Gray and Norris had an operational duty to conduct a team meeting with a guidance counselor and Will for placement of Will in an alternative school program.

### C.     Liability of KCT, KCS and KCBOE

347.    Defendants Siebe acted, acquiesced in, turned a blind eye and/or consented to violations of operational duty to hold a team meeting with a guidance counsel and Will for placement in an alternative school program.

### D.     Liability Of Defendants Siebe

348.    Defendants Siebe is liable for damages for the above pleaded operational polices and constitutional due process of law at the FHS disciplinary hearing level.

**CLAIM FOUR:     Denial Of Administrative Due Process And Operational Duties At The Appellate KCBOE Disciplinary Hearing Level; Declaratory Judgment; and Remedies**

### A.     KCS and KCBOE Appellate Disciplinary Authority

349.    KCBOE J-193 Student Suspension Policies and Procedures 8. provides a right of appeal from the FHS-administrator-imposed discipline to a disciplinary hearing authority appointed by the KCBOE.

42

350. The KCBOE appointed Defendant Hartsell as the disciplinary hearing authority in Will's case.

**B.** **Untimely Appeal Hearing**

351. KCBOE J-193, Student Suspension Policy Procedures 8. provides the hearing shall be held no later than ten (10) days from the beginning of the suspension, that in this case was December 8, 2016.

352. Will's hearing before Defendant Hartsell did not occur until January 17, 2017, which was seventeen (17) school days after the December 8, 2016 suspension.

353. As pleaded *infra*, the Knox County Board of Education is established by Tennessee state law.

354. As a hearing officer for a state created Local Education Department, KCBOE, Defendant Hartsell was a hearing officer for KCBOE within the meaning of the Tennessee Administrative Procedures Act.

Tenn. Code Ann. § 4-5-304. Ex parte communications.

(a) Unless required for the disposition of ex parte matters specifically authorized by statute, an administrative judge, hearing officer or agency member serving in a contested case proceeding may not communicate, directly or indirectly, regarding any issue in the proceeding, while the proceeding is pending, with any person without notice and opportunity for all parties to participate in the communication.

355. In the event Defendant Hartsell is not considered a hearing officer for a state created agency, Tennessee Sup. Ct. R. 10, Note, Application provides:

I.(B) A judge, within the meaning of this Code, is anyone who is authorized to perform judicial functions, including but not limited to an officer such as a magistrate, referee, court commissioner, judicial commissioner, special master, or an administrative judge or hearing officer.

356. Tenn. Sup. Ct. R. 10, Canon 2, 2.9 prohibits *ex parte* communications by an administrative judge or hearing officer performing judicial functions for an agency.

43

357.     *Ex parte* communications denied Tenn. Const. Art. I, Sec. 8 due process of law for Will to have notice, and a meaningful opportunity to be heard at a meaningful time.

358.     Defendant Hartsell by custom and routine practice of conferring *ex parte* with school administrative disciplinary authorities prior to conducting appeal hearings for discipline of students.

359.     Prior to the January 17, 2017 hearing, while Will and his parents sat in the waiting area, and pursuant to the custom and practice of Defendant Hartsell, Defendant Hartsell met with and conferred *ex parte* with Defendants Gray and Norris for approximately fifteen (15) minutes relating to Will's offense and discipline.

360.     After his *ex parte* discussions with Defendants Gray and Norris, Defendant Hartsell then brought Will and his parents into the hearing room where Defendants Gray and Norris had been and remained.

361.     A deputy Knox County Law Director joined the meeting.

362.     Defendant Hartsell meeting and talking to Defendant's Gray and Norris while Will and his parents were sitting outside the hearing room aggravated, enhanced and heightened Will's preexisting mental anguish, worry and anxiety over being treated unfairly by FHS officials and during his subsequent KCBOE appeal.

C.     *Ex Parte* Communications

363.     Defendant Hartsell opened the Appeal Hearing by asking Ms. Bannister whether she was aware that her son Andrew *brought* thirty (30) capsules of phenibut to Farragut High School on December 8, 2016? (emphasis added)

364.     Will's mother replied by reminding Defendant Hartsell that Will was suspended because he *bought* thirty (30) capsules of phenibut from another student who had *brought* the capsules to Farragut High School that morning.

44

365. Will's mother again stated to Defendant Hartsell that the student that sold the phenibut capsules to Will at FHS had not been investigated or disciplined.

366. Defendant Hartsell replied that they were not there to discuss other students.

367. The day after the January 17, 2018 hearing, the student that sold Will the phenibut capsules at Farragut High School was called in to FHS disciplinary authority(s) and given a one-day suspension for an unrelated charge of possessing a vaping pen and no discipline for the phenibut pills.

**D.     Declaratory Judgment**

368. A justiciable dispute exists as to whether Defendant Hartsell can receive *ex parte* communications prior to, during or after serving as a hearing officer for the KCBOE.

369. Plaintiffs move this Court declare that Defendant Hartsell cannot receive *ex parte* communications regarding the matter for which he is serving as a hearing officer.

**E.     Liability of KCT, KCS, and KCBOE**

370. Defendant Hartsell was a sufficiently high-ranking official of KCS, KCBOE and Knox County Tennessee that conducting *ex parte* communications and investigations constituted the policy and procedure of Knox County Tennessee, for which Defendants KCS, KCBOE and Knox County Tennessee are liable.

**F.     Liability Of Defendants Hartsell**

371. Defendants Hartsell is liable for damages for his violation of operational and constitutional duties not to participate in *ex parte* communications when performing judicial functions as the KCBOE disciplinary hearing officer.

**CLAIM FIVE:** **Intimidation, Harassment And Bullying, Declaratory Judgment, and Remedies**

**A.** **Prohibitions of harassment, intimidation and bullying of students**

372. Tenn. Code Ann. § 49-6-4501 *et seq.* requires school systems to adopt policies to prevent harassment, intimidation and bullying of students.

373. KCBOE Policy and Procedures J-210 and J-211 prohibit intimidation, harassment and bullying of students.

374. KCBOE policy "Harassment of Students (J-210)" states:

"Knox County Schools does not discriminate in its programs nor does it tolerate harassment for any reason including, but not limited to, harassment on the basis of actual or perceived gender, sexual orientation, national origin, disability, religion, race, color or any other Federally identified protected area. Harassment of any student will not be tolerated. Harassment is defined as conduct, advances, gestures or words of a nature which:

1. Unreasonably interfere with the student's work or educational opportunities;

2. Create an intimidating, hostile or offensive learning environment;"

375. Intimidation, harassment and bullying pursuant to Knox County Policy J-211 means:

"Harassment, intimidation or bullying" means any act that substantially interferes with a student's educational benefits, opportunities or performance; and

(A) If the act takes place on school grounds, at any school-sponsored activity, on school-provided equipment or transportation or at any official school bus stop, the act has the effect of:

[. . .]

(iii)  Causing emotional distress to a student or students; or

(iv)  Creating a hostile educational environment;

376. KCBOE Policy J-211 provides that all "students" are to refrain from "harassment, intimidation or bullying" and are subject to discipline in the event they commit an act of "harassment, intimidation or bullying".

46

377. KCBOE Policy J-211 does not prohibit "harassment, intimidation or bullying" by KCS administrators, officers or teachers.

378. Beginning with Will changing his dress and expressing himself through the styling of his red hair in 2014, and continuing through the perception that he was transgender, or gay and Will being supportive of the LBGT movement, and up until his suicide, Will was "harrassed, intimidated and bullied" within the meaning of KCBOE Policy J-211 by Knox County administrators and teachers that, individually, and collectively, constituted a practice of intimidation, harassment and bullying, as detailed in KCBOE Policy J-211 and as more particularly pleaded in this complaint.

**B.    Declaratory Judgment**

379. There exists a justiciable dispute as to whether the KCBOE Policy J-210 and J-211 prohibiting intimidation, harassment and/or bullying apply to school administrators and teachers.

380. Plaintiffs bring this action pursuant to Tenn. Code Ann. § 29-14-103 for declaratory judgment that KCS administrators and teachers are required to comply with KCBOE policy prohibiting "intimidation, harassment and/or bullying" of students.

**C.    Liability of KCT, KCS and KCBOE**

381. Defendants Siebe, Gray, Norris and Hartsell acted, acquiesced in, turned a blind eye and/or consented to violations of operational KCBOE policy (J-210 and J-211) that prohibited "intimidation, harassment and/or bullying" and were sufficiently high-ranking officials of KCT, KCS, and KCBOE that said violations were the policy and procedure of Knox County Tennessee, for which Defendants KCS, KCBOE and Knox County Tennessee are liable.

**D.    Liability of Defendants Siebe, Gray, Norris and Hartsell**

382. Plaintiffs bring this action against Defendants Siebe, Gray, Norris and Hartsell, individually and in combination with each other, for damages during the lifetime of Will for the pleaded acts that constitute "intimidation, harassment and/or bullying" within the meaning of KCBOE Policy

47

and Procedures J-210 and J-211 and the continuing and progressive mental anguish, worry, distress and anxiety created by said acts during Will's lifetime.

383.    Plaintiffs bring this action against Defendants Siebe, Gray, Norris and Hartsell, individually and in combination with each other, for damages for the pleaded acts that constitute "intimidation, harassment and/or bullying" within the meaning of KCBOE Policy and Procedures J-210 and J-211 and the continuing and progressive mental anguish, worry, distress and anxiety created by said acts that were a cause of Will's suicide.

E.    Injunctive Relief

384.    Plaintiff, Candace Bannister, as a tenured teacher in the KCS, moves the Court provide injunctive relief requiring KCBOE to provide in its policies that KCS administrators and teachers are required to comply with KCBOE policies and procedures that prohibit "intimidation, harassment and/or bullying" students.

CLAIM SIX: Suicide Prevention; Declaratory Judgment; and Remedies

A.    Reporting Requirements

385.    Tenn. Code Ann. § 49-6-1901 *et seq.*, requires Local Education Agencies (LEAs), such as KCBOE, adopt a policy on student suicide prevention.

386.    The KCBOE adopted a student suicide prevention policy in J-580 that provides *inter alia*:

> Intervention. Any employee who reasonably believes a student is at imminent risk of suicide shall report such belief to the principal or designee. Indications that student is at imminent risk of suicide shall include, but are not limited to, the student verbalizing the desire to commit suicide, evidence of a suicide attempt and/or an act of self-harm.

387.    Will committed suicide on April 17, 2017.

388.    Days before his death, Will wrote an assignment for Defendant Ashe that was to be titled "Is your life a comedy or a tragedy?"

48

389.     Will wrote the following:

"Is your comedy or tragedy

Probably a tragedy because I have many flaws that will eventually be the end of me. The tragedy that might be the end of me, like selfishness or other things like that. Ridin round bein selfish and not thinking of others. I'm scared for myself that I might do something actually harmful for others. Shout out my boy Lil Tracy, he up next. Lil Raven also gon make it. GBC gonna take over or at least half of. I really messed up. There's no way I'm gonna finish."

390.     A reasonable person would believe Will's writing to indicate his intent to end his life.

391.     Defendant Ashe failed to comply with KCBOE Policy J-580 that required that she "shall" report the reasonable belief that Will intended to end his life.

392.     Tenn. Code Ann. § 49-6-1903 provides:

49-6-1903. Cause of action -- Imposition of duty of care.

(a)  No person shall have a cause of action for any loss or damage caused by any act or omission resulting from the implementation of this part or resulting from any training, or lack thereof, required by this part.

(b)  The training required by this part, or the lack thereof, shall not be construed to impose any specific duty of care.

393.     § 49-6-1903 applies to an act or omission:

(1) resulting from the implementation of 49-6-1901 *et seq.*; or

(2) resulting from any training required by 49-6-1901 *et seq.*; or

(3) resulting from any lack of training by 49-6-1901 *et seq.* and

(4) training or the lack thereof shall not create any specific duty.

**B.     Declaratory Judgment**

394.     A justiciable dispute exists whether § 49-6-1903 applies to a failure by KCS teacher Defendant Ashe to comply with KCBOE Policy J-580 that required she "shall" report the reasonable belief that Will intended to end his life.

49

395. Plaintiffs plead that the issue presented is one of first impression in Tennessee and that they, in good faith, present the issue for declaratory judgment to settle the law whether the application of Tenn. Code Ann. § 49-6-1903 prohibits a cause of action for the failure to comply with the operational duty required of Defendant Ashe by KCBOE Policy J-580.

396. Plaintiffs pursuant to Tenn. Code Ann. § 29-14-103 move the Court declare that Tenn. Code Ann. § 49-6-1903 does not apply to claims against Defendant Ashe for violating KCBOE Policy J-580 that required that she "shall" report the reasonable belief that Will intended to end his life.

### C. GTLA § 29-20-205 Claim

397. Plaintiffs bring this action against Defendant KCT, KCS and KCBOE pursuant to Tenn. Code Ann. § 29-20-205 for the neglect and omission of Defendant Ashe failing to comply with her operational duty pursuant to KCBOE Policy J-580 that required that she "shall" report the reasonable belief that Will intended to end his life.

### D. Liability of Defendant Ashe

398. Plaintiffs bring this action against Defendant Ashe for her failure to comply with her operational duty pursuant to KCBOE Policy J-580 that required she "shall" report the reasonable belief that Will intended to end his life.

## V. Damages

399. Will, during his lifetime, suffered mental distress, mental anguish, worry anxiety and loss of the enjoyment of his life as a cause in fact of Defendants Siebe, Gray, Norris, Hartsell and Ashe's failures, individually and in combination, to perform their operational duties; their omissions and their neglect; their intimidation, harassment and bullying; and their violations of Will's constitutional rights.

400. Will committed suicide as a cause in fact of the mental distress, mental anguish, worry anxiety and loss of the enjoyment of his life caused by Defendant Siebe, Gray, Norris, Hartsell

50

and Ashe's failures to perform their operational duties; their omissions and neglect; their intimidation, harassment and bullying; and their violations of Will's constitutional rights.

401.    Plaintiffs bring this action for damages for Defendant Siebe, Gray, Norris, Hartsell and Ashe's failures to perform their operational duties; their omissions and neglect; their intimidation, harassment and bullying; and their violations of Will's constitutional rights in an amount not to exceed one (1) million dollars.

402.    Plaintiffs bring this action for the wrongful death caused by mental anguish, suffering and distress and damages caused by (1) for Will's mental suffering; (2) Reasonable funeral expenses; and (3) the reasonable value of the loss of consortium suffered by his mother, Candace C. Bannister and father, Mark E. Bannister in an amount not to exceed one (1) million dollars.

## VI.    Jury Demand

403.    Plaintiffs demand a jury to try this case.


MARK E. BANNISTER


CANDACE C. BANNISTER


HERBERT S. MONCIER BPR # 1910
Attorney for Plaintiff
Attorneys at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865) 546-7746
fax (865) 546-7765
moncier@moncierlaw.com

51

**Cost Bond**

Mark E. Bannister and Candace C. Bannister, as principals, and Herbert S. Moncier, as surety, hereby acknowledge ourselves as liable for the cost of this cause as provided by law.

_____
MARK E. BANNISTER
Principal

_____
CANDACE C. BANNISTER
Principal

_____
HERBERT S. MONCIER
Surety

FILED
2018 APR 16 PM 4:04
KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

52

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
            )
           Plaintiffs, )
            )
v. )    No. 1-134-18
            )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
            )
           Defendants. )

## SUMMONS

To DEFENDANT ANTHONY B. NORRIS:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 16ᵗʰ day of April, 2018.

                          _Catherine Shelp_
                          CLERK

                          DEPUTY CLERK

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

> The Defendant Anthony B. Norris may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[__]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[__]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

                                    _____
                                     PROCESS SERVER

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PH 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                   )
              Plaintiffs, )
                   )
v. )         No. 1-134-18
                   )
Knox County  Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                   )
            Defendants. )

## SUMMONS

To DEFENDANT ANTHONY B. NORRIS:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service.  If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

                                                                              CLERK

                                                                           DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Anthony B. Norris may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the 16th day of April , 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: Personally Served Anthony Norris at Farragut High School

[___] failed to serve this Summons within thirty (30) days after its issuance because:

_____

PROCESS SERVER

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

**FILED**

2018 APR 16 PM 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                           )
                Plaintiffs, )
                           )
v.                               )     No. 1-134-18
                              )
Knox County   Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                              )
               Defendants. )

## SUMMONS

To DEFENDANT BRIAN A. HARTSELL:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

                          CLERK

                          DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:   865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Brian A. Hartsell may be served c/o Knox County Board of Education, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[___]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[___]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
)
              Plaintiffs, )
)
v. )      No. 1-134-18
)
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
)
             Defendants. )

## SUMMONS

To DEFENDANT BRIAN A. HARTSELL:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

CLERK

DEPUTY CLERK

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Brian A. Hartsell may be served c/o Knox County Board of Education, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the 18 day of April , 2018.

I hereby certify and return that on the 18 day of April , 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: PERSONAL SERVICE

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

PROCESS SERVER
HERBERT S. MOREIRA

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                 )
             Plaintiffs, )
                  )
v. )      No. 1-134-18
                  )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                  )
             Defendants. )

## SUMMONS

To DEFENDANT KNOX COUNTY SCHOOLS:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

CLERK

DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Knox County Schools may be served c/o Superintendent Bob Thomas, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the 10 day of April , 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: PERSONAL DELIVERY TO PERSON AUTHORIZED TO ACCEPT FOR BOB THOMAS

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

PROCESS SERVER
HARGROVES, MORGAN

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE**

FILED

2018 APR 16 PM 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
   by his Co-Administrators *Ad Litem* )
   Candace C. Bannister, and )
   Mark E. Bannister, )

             Plaintiffs, )

v. )

Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )

             Defendants. )

No. 1-134-18

**SUMMONS**

To DEFENDANT KNOX COUNTY SCHOOLS:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this *16th* day of April, 2018.

          CLERK

          DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the Process Server:

The Defendant Knox County Schools may be served c/o Superintendent Bob Thomas, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of_____, 2018, I:

[__]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[__]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

ATS

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE**

FILED
2018 APR 16 PH 4: 06
KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                      )
            Plaintiffs, )
                      )
v. )    No. I-134-18
                      )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                      )
           Defendants. )

## SUMMONS

To DEFENDANT KNOX COUNTY BOARD OF EDUCATION:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902,** an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this *16th* day of April, 2018.

                                    CLERK _____

                                    DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Knox County Board of Education may be served c/o Chair Patti Bounds, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the ____ day of _____, 2018.

I hereby certify and return that on the ____ day of _____, 2018, I:

[___]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[___]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

## IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

**FILED**

2018 APR 16 PH 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased,  )
    by his Co-Administrators *Ad Litem*  )
    Candace C. Bannister, and  )
    Mark E. Bannister,  )
                         )
          Plaintiffs,  )
                         )    No. L-134-18
v.  )
                         )
Knox County  Board of Education,  )
Knox County Schools,  )
Knox County Tennessee,  )
Ryan J. Siebe,  )
Kimberly H. Gray,  )
Anthony B. Norris,  )
Erin A. Ashe, and  )
Brian A. Hartsell  )
                         )
          Defendants.  )

### SUMMONS

To DEFENDANT KNOX COUNTY BOARD OF EDUCATION:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902,** an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service.   If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

    Issued and tested this *16th* day of April, 2018.

                         CLERK _____ /DC)

                         DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:   865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Knox County Board of Education may be served c/o Chair Patti Bounds, 912 South Gay Street, Knoxville, Tennessee 37902.

I received this Summons on the _18_ day of _April_ , 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: PERSONAL SERVICE ON PERSON AUTHORIZED TO ACCEPT FOR PATTY BOUNDS

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

PROCESS SERVER
HERBERT S. MONCIER

IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

ATS

FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                     )
                Plaintiffs, )
                     )
v.                        )    No. 1-134-18
                     )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                Defendants. )

## SUMMONS

To DEFENDANT ERIN A. ASHE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiffs'

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

    Issued and tested this 16ᵗʰ day of April, 2018.

                                               _____
                                       CLERK
                                       _____
                                       DEPUTY CLERK

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Erin A. Ashe may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[___]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[___]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____
PROCESS SERVER

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased,   )
    by his Co-Administrators *Ad Litem*  )
    Candace C. Bannister, and      )
    Mark E. Bannister,          )
                          )
           Plaintiffs,     )
                          )
v.                          )    No. 1-194-18
                          )
Knox County Board of Education,    )
Knox County Schools,        )
Knox County Tennessee,      )
Ryan J. Siebe,             )
Kimberly H. Gray,         )
Anthony B. Norris,        )
Erin A. Ashe, and         )
Brian A. Hartsell         )
                          )
          Defendants.   )

## SUMMONS

To DEFENDANT ERIN A. ASHE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

CLERK _____

DEPUTY CLERK _____

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Erin A. Ashe may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the 10th day of April, 2018.

I hereby certify and return that on the 8th day of April, 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: Served Erin Ashe at Farragut High School

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____
PROCESS SERVER

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE** FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                    )
           Plaintiffs, )
                    )
v.                     )     No. 1-134-18
                    )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                    )
           Defendants. )

## SUMMONS

To DEFENDANT KIMBERLY H. GRAY:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902,** an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

                         CLERK

                         DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Kimberly H. Gray may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[___]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[___]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____

PROCESS SERVER

## IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

FILED

2018 APR 16 PM 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                )
            Plaintiffs, )
                )
v. )       No. 1-134-18
                )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
                )
            Defendants. )

### SUMMONS

To DEFENDANT KIMBERLY H. GRAY:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 16th day of April, 2018.

            CLERK

            DEPUTY CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Kimberly H. Gray may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the 10th day of April , 2018.

I hereby certify and return that on the 10th day of April , 2018, I:

[ X ] served this Summons and a Complaint on the above-named Defendant in the following manner: Served Kimberly Gray at Farragut High School

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

PROCESS SERVER

## IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

Andrew Williams Bannister, deceased,  
    by his Co-Administrators *Ad Litem*  
    Candace C. Bannister, and  
    Mark E. Bannister,  

          Plaintiffs,  

v.  

Knox County Board of Education,  
Knox County Schools,  
Knox County Tennessee,  
Ryan J. Siebe,  
Kimberly H. Gray,  
Anthony B. Norris,  
Erin A. Ashe, and  
Brian A. Hartsell  

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 1-134-18

**FILED**  
2018 APR 16 PM 4:06  
KNOX COUNTY CIRCUIT COURT  
CATHERINE F. SHANKS, CLERK

### SUMMONS

To DEFENDANT KNOX COUNTY, TENNESSEE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this _16th_ day of April, 2018.

_Catherine SLK_  
CLERK _Dj Cac (bc)_  

DEPUTY CLERK

**ADA**  
FOR ASSISTANCE CALL  
865 / 215-2952  
865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the Process Server:

> The Defendant Knox County, Tennessee may be served c/o Mayor Tim Burchett, 400 Main Street, Suite 615, Knoxville, TN 37902.

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[___]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[___]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____

PROCESS SERVER

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE**

FILED

2018 APR 16 PM 4:06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
             )
            Plaintiffs, )
             )
v. )       No. 1-134-18
             )
Knox County Board of Education, )
Knox County Schools, )
Knox County Tennessee, )
Ryan J. Siebe, )
Kimberly H. Gray, )
Anthony B. Norris, )
Erin A. Ashe, and )
Brian A. Hartsell )
             )
            Defendants. )

**SUMMONS**

To DEFENDANT KNOX COUNTY, TENNESSEE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's

attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville,**

**Tennessee 37902,** an Answer to the Complaint herewith served upon you within thirty (30) days

after service of this Summons and Complaint herewith served upon you, exclusive of the day of

service. If you fail to do so, judgment by default can be taken against you for the relief

demanded in the Complaint.

Issued and tested this *16th* day of April, 2018.

                           *Cathorine*

                           CLERK

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:  865 / 215-2497

                           DEPUTY CLERK

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Knox County, Tennessee may be served c/o Mayor Tim Burchett, 400 Main Street, Suite 615, Knoxville, TN 37902.

I received this Summons on the 10th day of April, 2018.

I hereby certify and return that on the 18 day of April, 2018, I:

[X]served this Summons and a Complaint on the above-named Defendant in the following manner: Personally Served Mayor Burchett

[__]failed to serve this Summons within thirty (30) days after its issuance because:

_____

Carol Hollet
PROCESS SERVER

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE**

FILED

2018 APR 16 PM 4: 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

| | |
|---|---|
| Andrew Williams Bannister, deceased,<br>     by his Co-Administrators *Ad Litem*<br>     Candace C. Bannister, and<br>     Mark E. Bannister, | )<br>)<br>)<br>) |

                    Plaintiffs,

v.

                        No. 1-134-18

Knox County Board of Education,
Knox County Schools,
Knox County Tennessee,
Ryan J. Siebe,
Kimberly H. Gray,
Anthony B. Norris,
Erin A. Ashe, and
Brian A. Hartsell

                    Defendants.

**SUMMONS**

To DEFENDANT RYAN J. SIEBE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 16ᵗʰ day of April, 2018.

                        CLERK

                        DEPUTY CLERK

♿ ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Ryan J. Siebe may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the ___ day of _____, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[__]served this Summons and a Complaint on the above-named Defendant in the following manner:

_____

_____

[__]failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

PROCESS SERVER

**IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE**

FILED

2018 APR 16 PM 4 06

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

Andrew Williams Bannister, deceased,  )
    by his Co-Administrators *Ad Litem*  )
    Candace C. Bannister, and  )
    Mark E. Bannister,  )
                        )
            Plaintiffs,  )
                        )
v.                        )     No. 1-134-18
                        )
Knox County Board of Education,  )
Knox County Schools,  )
Knox County Tennessee,  )
Ryan J. Siebe,  )
Kimberly H. Gray,  )
Anthony B. Norris,  )
Erin A. Ashe, and  )
Brian A. Hartsell  )
                        )
           Defendants.  )

## SUMMONS

To DEFENDANT RYAN J. SIEBE:

You are hereby summoned and required to serve upon **HERBERT S. MONCIER**, Plaintiff's attorney, whose address is **Suite 775, Bank of America Center, 550 Main Avenue, Knoxville, Tennessee 37902**, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 16ᵗʰ day of April, 2018.

CLERK:

DEPUTY CLERK:

**ADA**
FOR ASSISTANCE CALL
**865 / 215-2952**
TTY:  865 / 215-2497

## NOTICE

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server:

The Defendant Ryan J. Siebe may be served c/o Farragut High School, 11237 Kingston Pike, Knoxville, Tennessee 37934

I received this Summons on the 10th day of April, 2018.

I hereby certify and return that on the ___ day of _____, 2018, I:

[X] served this Summons and a Complaint on the above-named Defendant in the following manner: Personally Served Ryan Siebe at Farragut High School

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

Cheryl Halbert
PROCESS SERVER

IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE **FILED**

|  |  |  |
|---|---|---|
| Andrew Williams Bannister, deceased, | ) | |
|     by his Co-Administrators *Ad Litem* | ) | |
|     Candace C. Bannister, and | ) | |
|     Mark E. Bannister, | ) | |
|  | ) | |
|         Plaintiffs, | ) | |
|  | ) | |
| v. | ) | No. <u>1-134-18</u> |
|  | ) | |
| Knox County Board of Education; | ) | |
| Knox County Schools; | ) | |
| Knox County Tennessee; | ) | |
| Ryan J. Siebe; | ) | |
| Kimberly H. Gray; | ) | |
| Anthony B. Norris; | ) | |
| Erin A. Ashe;, and | ) | |
| Brian A. Hartsell | ) | |
|  | ) | |
|         Defendants. | ) | |

## PLAINTIFFS' FIRST AMENDMENTS TO THE COMPLAINT

Comes now Plaintiffs pursuant to Tenn. R. Civ. P. 15.01 and file the following specified

amendments to the Complaint.

Immediately prior to the statement of Claims beginning at page 33 and immediately after

paragraph 328:

328.01. The foregoing pleaded facts, statutes, policies and procedures are adopted by

reference into each of he following Claims as though re-stated in each Claim.

**CLAIM ONE:**     **Denial Of Administrative Due Process At The FHS J-193 FHS Disciplinary Hearing, Declaratory Judgment, and Remedies**

**J. Liability of Defendants KCS, KCBOE and Knox County Tennessee**

After paragraph 329, p. 39, the following are pleaded:

329.01 The conduct of Defendants Siebe, Gray and Norris constituted the negligent infliction of emotional distress for which Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[1]

329.02 The conduct of Defendants Siebe, Gray and Norris was implementing existing board policies and procedures that were operational in nature and not discretionary for which Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[2]

**K.     Liability of Defendants Siebe, Gray and Norris**

After paragraph 330, p. 29, the following is pleaded:

330.01 Defendants Siebe, Gray and Norris are liable for the negligent infliction of emotional distress as defined in Tenn. P. Jury Inst. 4.36.

**CLAIM TWO:     Denial Of Fairness And Impartiality; Declaratory Judgment; and Remedies**

**C.     Liability of KCT, KCS and KCBOE**

After paragraph 340, p. 41, the following are pleaded:

340.01 The conduct of Defendants Siebe, Gray and Norris constituted the negligent infliction of emotional distress for which KCS, KCBOE and Knox County Tennessee, are liable pursuant to the Tennessee Governmental Liability Act.[3]

340.02 The conduct of Defendants Siebe, Gray and Norris was implementing existing board policies and procedures that were operational in nature and not discretionary for which

---

[1] *Sallee v. Barrett*, 171 S.W.3d 822 (Tenn. 2005); *Marla H. v. Knox County*, 361 S.W.3d 518 (Tenn. Ct. App. June 29, 2011)

[2] *Moore v. Houston County Bd. of Educ.* 258 S.W.3d 612 (Tenn. App. 2011)

[3] *id, footnote 1*

2

Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[4]

> **D.** **Liability of Defendants Siebe, Gray and Norris**

After paragraph 341, p. 41, the following is pleaded:

341.01 Defendants Siebe, Gray and Norris are liable for the negligent infliction of emotional distress as defined in Tenn. P. Jury Inst. 4.36.

### CLAIM THREE: Denial Of Administrative Due Process And Operational Duties For Placement In The KCBOE J-280 Alternative School Program; Declaratory Judgment; and Remedies

> **C.** **Liability of KCT, KCS and KCBOE**

After paragraph 347, p. 42, the following are pleaded:

347.01 The conduct of Defendants Siebe, Gray and Norris constituted the negligent infliction of emotional distress for which KCS, KCBOE and Knox County Tennessee, are liable pursuant to the Tennessee Governmental Liability Act.[5]

347.02 The conduct of Defendants Siebe, Gray and Norris was implementing existing board policies and procedures that were operational in nature and not discretionary for which Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[6]

---

[4] *id. footnote 2*

[5] *id. footnote 1*

[6] *id. footnote 2*

3

**D.** **Liability of Defendants Siebe, Gray and Norris**

After paragraph 348, p. 42, the following is pleaded:

348.01 Defendants Siebe, Gray and Norris are liable for the negligent infliction of emotional distress as defined in Tenn. P. Jury Inst. 4.36.

**CLAIM FOUR:** **Denial Of Administrative Due Process And Operational Duties At The Appellate KCBOE Disciplinary Hearing Level; Declaratory Judgment; and Remedies**

**E. Liability of KCT, KCS and KCBOE**

After paragraph 370, p. 45, the following are pleaded:

370.01 The conduct of Defendant Hartsell constituted the negligent infliction of emotional distress for which KCS, KCBOE and Knox County Tennessee, are liable pursuant to the Tennessee Governmental Liability Act.[7]

370.02 The conduct of Defendant Hartsell was implementing existing board policies and procedures that were operational in nature and not discretionary for which Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[8]

**F.** **Liability of Defendant Hartsell**

After paragraph 371, p. 45, the following is pleaded:

371.01 Defendant Hartsell is liable for the negligent infliction of emotional distress as defined in Tenn. P. Jury Inst. 4.36.

---

[7] *id, footnote 1*

[8] *id, footnote 2*

4

**CLAIM FIVE:**     Intimidation,     Harassment     And     Bullying,
Declaratory Judgment, and Remedies

### C. Liability of KCT, KCS and KCBOE

After paragraph 381, p. 47, the following are pleaded:

381.01 The conduct of Defendants Siebe, Gray, Norris and Hartsell constituted the negligent infliction of emotional distress for which KCS, KCBOE and Knox County Tennessee, are liable pursuant to the Tennessee Governmental Liability Act.[9]

381.02 The conduct of Defendants Siebe, Gray, Norris and Hartsell was implementing existing board policies and procedures that were operational in nature and not discretionary for which Defendants KCS, KCBOE and Knox County Tennessee are liable pursuant to the Tennessee Governmental Liability Act.[10]

### D.     Liability of Defendants Siebe, Gray, Norris and Hartsell

After paragraph 382, p. 47, the following is pleaded:

382.01 Defendants Siebe, Gray, Norris and Hartsell are liable for the negligent infliction of emotional distress as defined in Tenn. P. Jury Inst. 4.36.

WHEREFORE, the Complaint is amended to include the foregoing.

_____

HERBERT S. MONCIER
Attorney for Plaintiffs

---

[9] *id, footnote 1*

[10] *id. footnote 2*

5

HERBERT S. MONCIER BPR # 1910
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865) 546-7746
fax (865) 546-7765
moncier@moncierlaw.com

### Certificate of Service

I hereby certify that on the 1st day of May 2018 a true and correct copy of the foregoing was served on all Defendants through their attorney, Richard "Bud" Armstrong, Knox County Law Director.

_____
Herbert S. Moncier

6

**FILED**

# IN THE CIRCUIT COURT FOR KNOX COUNTY TENNESSEE

2018 MAY -9 PM 3:34

KNOX COUNTY CIRCUIT COURT
CATHERINE F. SHANKS, CLERK

| | |
|---|---|
| Andrew Williams Bannister, deceased, <br>      by his Co-Administrators *Ad Litem* <br>      Candace C. Bannister, and <br>      Mark E. Bannister, <br><br>          Plaintiffs, <br><br> v. <br><br> Knox County Board of Education; <br> Knox County Schools; <br> Knox County Tennessee; <br> Ryan J. Siebe; <br> Kimberly H. Gray; <br> Anthony B. Norris; <br> Erin A. Ashe;, and <br> Brian A. Hartsell <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1-134-18 |

## PLAINTIFFS' NOTICE OF VOLUNTARY NON-SUIT
## OF INDIVIDUAL CAPACITY LIABILITY CLAIMS AGAINST RYAN J. SIEBE, KIMBERLY H. GAY, ANTHONY B. NORRIS, ERIN A. ASHE, AND BRIAN A. HARTSELL

Come now Plaintiffs, pursuant to Tenn. R. Civ. P. 41, and voluntarily dismiss, without prejudice, Plaintiffs' individual capacity liability claims against Ryan J. Siebe, Kimberly H. Gay, Anthony B. Norris, Erin A. Ashe, and Brian A. Hartsell.

_____
HERBERT S. MONCIER
Attorney for Plaintiffs

HERBERT S. MONCIER BPR # 1910
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865) 546-7746
fax (865) 546-7765
moncier@moncierlaw.com

**Certificate of Service**

I hereby certify that on the 7th day of May 2018 a true and correct copy of the foregoing

was served on said Defendants in their individual capacities through their attorney, Richard "Bud"

Armstrong, Knox County Law Director.

_____

HERBERT S. MONCIER

2

Andrew Williams Bannister, deceased, )
    by his Co-Administrators *Ad Litem* )
    Candace C. Bannister, and )
    Mark E. Bannister, )
                            )
           Plaintiffs, )
                            )
v.                              )     No. 1-134-18
                            )
Knox County Board of Education; )
Knox County Schools; )
Knox County Tennessee; )
Ryan J. Siebe; )
Kimberly H. Gray; )
Anthony B. Norris; )
Erin A. Ashe;, and )
Brian A. Hartsell )
                            )
          Defendants. )

## ORDER OF VOLUNTARY NON-SUIT
## OF INDIVIDUAL CAPACITY LIABILITY CLAIMS AGAINST RYAN J. SIEBE, KIMBERLY H. GAY, ANTHONY B. NORRIS, ERIN A. ASHE, AND BRIAN A. HARTSELL

        Plaintiffs having given notice that, pursuant to Tenn. R. Civ. P. 41, Plaintiffs voluntarily dismiss, without prejudice, Plaintiffs' individual capacity liability claims against Ryan J. Siebe, Kimberly H. Gay, Anthony B. Norris, Erin A. Ashe, and Brian A. Hartsell, it is

        ORDERED that individual capacity liability claims against Ryan J. Siebe, Kimberly H. Gay, Anthony B. Norris, Erin A. Ashe, and Brian A. Hartsell be dismissed without prejudice and that cost be reserved pending further proceedings on the remaining Defendants in this action.

        ENTER this the 10 day of May 2018.

                          _____
                          KRISTI M. DAVIS
                          Knox County Circuit Court Judge

Prepared and approved for entry:

_____
HERBERT S. MONCIER BPR # 1910
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865) 546-7746
fax (865) 546-7765
moncier@moncierlaw.com

## Certificate of Service

I hereby certify that on the 7th day of May 2018 a true and correct copy of the foregoing

was served on said Defendants in their individual capacities through their attorney, Richard "Bud"

Armstrong, Knox County Law Director.

_____
HERBERT S. MONCIER

2